IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:14CR130-1 |
| | : | |
| THOMAS EARL TILLEY | : | |

GOVERNMENT'S MOTION REGARDING ACCEPTANCE OF RESPONSIBILITY AND OBSTRUCTION OF JUSTICE

COMES NOW the United States, by and through the undersigned United States Department of Justice Trial Attorney, and states its position as to the issues of acceptance of responsibility and obstruction of justice, as follows:

ACCEPTANCE OF RESPONSIBILITY AND OBSTRUCTION OF JUSTICE

Paragraph 5(b) of Defendant Thomas Tilley's plea agreement discusses the United States' responsibilities regarding the application of USSG § 3E1.1, acceptance of responsibility, to Defendant. (Doc. 33). That paragraph binds the United States to recommend a one-level departure pursuant to §3E1.1(b) if, and only if, the Court determines that Defendant qualifies for a two-level departure pursuant to §3E1.1(a). Here the court has indicated an intent to reconsider whether Defendant has demonstrated acceptance of responsibility under the meaning of §3E1.1(a) and whether he has obstructed justice and deserves a two-level enhancement under §3C1.1, and has ordered the government to brief the issue. The government has identified at least seven examples demonstrating Defendant's lack of acceptance of responsibility and/or obstruction of justice.

1) Defendant submitted three documents to this Court via the Probation department, including a copy of the Presentence Report with handwritten annotations ("HW
13098559.1

PSR"), a copy of the Government's loss calculations with handwritten annotations ("HW Loss Calcs), and a miscellaneous assortment of documents including the very fraudulent trusts he used to perpetrate his twenty-plus year scheme of fraud ("Misc. Docs"). Each of these three documents contain numerous statements, redactions, and misleading information that are inconsistent with acceptance of responsibility and are, at the very least, an attempt to obstruct justice.

2) Defendant continues to claim that he is a Native American and a member of the Cherokee tribe, and implies that such stats affects his culpability, taxes, punishment or other relevant issue. Neither his status, nor any effect of that status, is grounded in reality and the claims are simply representative of the tax defier/sovereign citizen rhetoric that Defendant used to commit his crimes, including a supervised release violation on September 24, 2014, involving fake license plates and a fraudulent driver's license.

3) Defendant's continued attempt to portray the Virginia Mortgage Company ("VMC") as a legitimate financial institution holding actual liens on his property is obstructive. In fact, VMC is nothing more than a fake financial institution completely controlled by Defendant that he used to file false liens on his property in an attempt to frustrate creditors, including the IRS, by making it appear as though a reputable financial institution unrelated to the defendant had an interest in the property when, in fact, he filed liens on his own property. The Mortgage Company of Virginia is the name of an actual mortgage lender doing business in Virginia; Defendant's choice to re-arrange that company's initials to form his bogus bank cannot be a coincidence and evidences his fraudulent intent.

4) Defendant also claims that properties were foreclosed on, either by the IRS or because of IRS liens. <u>See</u> <u>e.g.</u> HW Loss Calcs at 4. The IRS has not foreclosed on any properties. The only property that the government is aware has actually been foreclosed on by a bank happened because Defendant submitted a fake bond to the bank as attempted payment. Defendant's false claims of foreclosure are nothing more than an attempt to mislead this Court and obstruct justice.

5) In a handwritten note at the bottom of page 15 of the HW PSR, in reference to his failure to timely complete a financial statement within 30 days as was required by his plea agreement, Defendant claims that he had never "seen the papers" before July 9. Senior U.S. Probation Officer Wilkins reported giving "the papers" to Defendant in late 2014, far in advance of July 9. Defendant's attempt to shift the blame from his failure to comply with his plea agreement to either his attorney or to Probation (or both), demonstrates a lack of responsibility and an intent to conceal and obstruct his true financial affairs. Aside from the timing of when he actually received "the papers," Defendant promised, pursuant to the plea agreement he signed, to turn over a financial statement within 30 days. It is an undisputed fact that he failed to do so for more than nine months and the blame can properly be placed on only one party: Defendant himself.

6) Much of the objections Defendant made in the HW PSR he submitted are objections to facts laid out in the factual basis, Doc. 32, to which he did not offer any objections at the time of his guilty plea. Defendant adopted that factual basis on November 21 2014, including the sham nature of VMC and his other trusts, and his attempts to deny the facts to which he agreed and admitted are obstructive.

7) Defendant has concealed income from this Court, as testified to at the hearing on August 27, 2015. Unrebutted evidence was presented via two witnesses, MG and BW, who managed trailer parks owned by Defendant. Both witnesses stated that they collected cash rent each month and gave it to Defendant, who would then calculate their salary based on the total rent. BW testified that she worked for Defendant for 25 years and collected an average of $18,000 per month in rents, totaling roughly $5,400,000. Defendant's failure to report this income, despite "meticulous" records, shows his intent to conceal his true financial status, rather than to comply with his obligations under the plea agreement.

The government believes that the Defendant's conduct since pleading guilty has clearly demonstrated an intent to obstruct the Court and is wholly inconsistent with the demonstrated acceptance of responsibility required for a two-level departure under §3E1.1(a). Through his actions and omissions, both in dealing with this Court and Probation, Defendant has continued the exact same type of obstructive, fraudulent conduct to which he pleaded guilty on November 21, 2014.

Further, the loss calculation of $8,119,475.15 put forth by the government does not currently include state tax harm caused by Defendant's decades-long series of frauds. Should Defendant put forth any tax loss calculations, the government expects an analysis of the state tax loss as well. If Defendant wishes to challenge the tax loss calculations, the Government reserves the right to supplement its loss calculation with state tax loss amounts. As a very rough forecast, the North Carolina income tax rate was at least 6% for tax years 2001-13. Based only on the real estate transactions Defendant conducted from 2005 through 2013, adding in state tax loss would

result in at least the following additional relevant conduct, with the associated restitution to be paid to the North Carolina Department of Revenue:

| Tax Year | Profit from Real Estate Transactions | Tax Due (at 6% rate) |
|---|---|---|
| 2005 | $412,639.76 | $24,758 |
| 2006 | $3,741,961.57 | $224,517 |
| 2007 | $1,422,482.55 | $85,348 |
| 2008 | $2,247,299.69 | $134,837 |
| 2009 | $154,512.00 | $9,270 |
| 2010 | $3,147,857.58 | $188,871 |
| 2011 | 0 | 0 |
| 2012 | $4,818.11 | $289 |
| 2013 | 0 | 0 |
| **Total** | **$11,131,571.26** | **$667,710** |

This the 11th day of September, 2015.

    Respectfully submitted,

    RIPLEY RAND
    United States Attorney


    /S/ TODD P. KOSTYSHAK
    Trial Attorney, US DOJ Tax Division
    NCSB # 39830
    101 S. Edgeworth Street, 4th Floor
    Greensboro, NC  27401
    336/333-5351

13098559.1

Case 1:14-cr-00130-WO   Document 54   Filed 09/11/15   Page 5 of 6

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:14CR130-1 |
| | : | |
| THOMAS EARL TILLEY | : | |

I hereby certify that on September 11, 2015, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James E. Quander, Esq.

        Respectfully submitted,

        RIPLEY RAND
        United States Attorney

        /S/ TODD P. KOSTYSHAK
        Trial Attorney, US DOJ Tax Division
        NCSB # 39830
        101 S. Edgeworth Street, 4th Floor
        Greensboro, NC 27401
        336/333-5351

13098559.1